GREENBERG TRAURIG, LLP
SUSAN L. HELLER (SBN 160539)
E-Mail: *HellerS@gtlaw.com*
WENDY M. MANTELL (SBN 225544)
E-Mail: *MantellW@gtlaw.com*
NINA D. BOYAJIAN (SBN 246415)
E-Mail: *BoyajianN@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700; Fax: 310-586-7800

GORDON SILVER
JENNIFER KO CRAFT (*Pro Hac Vice*)
E-Mail: *JCraft@gordonsilver.com*
ANDREW D. SEDLOCK (*Pro Hac Vice*)
E-Mail: *ASedlock@gordonsilver.com*
3960 Howard Hughes Parkway, 9th Floor
Las Vegas, NV 89169-5978
Tel: 702-796-5555; Fax: 702-369-2666

Attorneys for Defendants BOLDFACE GROUP, INC.,
BOLDFACE Licensing + Branding

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -- WESTERN DIVISION

| | |
|---|---|
| CHROMA MAKEUP STUDIO LLC, | CASE NO. CV 12-09893 ABC (PJWx) |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| BOLDFACE GROUP, INC., and BOLDFACE LICENSING + BRANDING, | Judge:        Hon. Audrey B. Collins<br>Date Filed:   November 19, 2012 |
| Defendants. | |

Defendants BOLDFACE, INC. and BOLDFACE LICENSING + BRANDING (collectively, "Boldface" or "Defendants"), hereby answer the Complaint of Plaintiff CHROMA MAKEUP STUDIO LLC, ("Plaintiff"), as follows:

## THE PARTIES

1.    Answering paragraph 1, Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 1, and therefore, deny those allegations.

2.    Answering paragraph 2, Defendants admit and allege that Boldface Group, Inc. and its subsidiary Boldface Licensing + Branding are Nevada corporations having their principle places of business in Santa Monica, California.

## JURISDICTION AND VENUE

3.    Answering paragraph 3, Defendants admit that Plaintiff has purported to allege claims of trademark infringement and unfair competition under the trademark laws of the United States, 15 U.S.C. § 1114 *et seq.*, under the California Business & Professions Code § 17200 *et seq.*, and under the common law.  Defendants deny that Plaintiff's allegations state a claim.

4.    Answering paragraph 4, Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1338(a)-(b) and 1367.  Defendants also admit that venue is proper in this District.

## FACTS

5.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 5, and therefore deny the same.

6.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 6, and therefore deny the same.

7.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 7, and therefore deny the same.

8.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 8, and therefore deny the same.

9.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 9, and therefore deny the same.

10.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 10, and therefore deny the same.

11.    Defendants deny that Plaintiff has common law trademark ownership rights that extend nationwide or that Plaintiff's alleged marks are strong and well-known in the Los Angeles area. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 10, and therefore deny the same.

12.    Defendants deny that Plaintiff has achieved prominence in the Los Angeles area for its expertise in beauty services. Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 12, and therefore deny the same.

13.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 13, and therefore deny the same.

14.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 14, and therefore deny the same.

15.    Defendants admit that Boldface Group, Inc. and Boldface Licensing + Branding are companies that participate in the beauty industry. Except as expressly admitted, Defendants deny the remaining allegations of paragraph 15.

16.    Defendants admit that on June 6, 2012, Boldface issued a press release, which is available on its website located at www.boldfacegroup.com. The press release is a document that speaks for itself and Defendants deny any allegations inconsistent with it. Defendants deny the remainder of the allegations of paragraph 16.

17.    Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 17, and therefore deny the same.

18.    Defendants admit that on August 26, 2012, Nicole Ostoya, the CEO and co-founder of Boldface Licensing + Branding, appeared on *Keeping Up with the Kardashians* and discussed the launch of the KHROMA BEAUTY BY KOURTNEY

KIM AND KHLOE. Defendants admit that a copy of a clip from the August 26, 2012 episode of *Keeping Up with the Kardashians* is available on its website located at www.boldfacegroup.com, and state that the video clip speaks for itself. Defendants deny the remainder of the allegations of paragraph 18.

19. Defendants lack sufficient information to form a belief as to the truth of the allegation that, in the weeks that followed the August 26, 2012 episode of *Keeping Up with the Kardashians*, Lisa Casino and Michael Rey III began to receive concerned and worried communications from their clients, employees, and potential licensing partners in regard to the launch of the KHROMA BEAUTY products, and therefore deny that allegation. Defendants deny the remaining allegations of paragraph 19.

20. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 20, and therefore deny the same.

21. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 21, and therefore deny the same.

22. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 22, and therefore deny the same.

23. Defendants admit that Plaintiff posted a letter on its website, and state that the document speaks for itself. Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 23, and therefore deny the same.

24. Defendants admit that Plaintiff sent a cease and desist letter, and state that the letter speaks for itself. Defendants deny any and all allegations inconsistent with the letter.

25. Defendants admit that counsel for Boldface responded to Plaintiffs letter and that a telephone conversation followed on November 6, 2012. Defendants deny all other allegations of paragraph 25.

26. Defendants admit that a response was sent to the cease and desist letter, that a telephone conversation occurred on or about November 6, 2012, and that the telephone

ANSWER TO COMPLAINT

call did not resolve the parties' dispute.  Defendants deny the remaining allegations of paragraph 26.

27.     Defendants admit that the parties held several conversations throughout November about a potential resolution to this dispute.  Defendants deny the remaining allegations of paragraph 27.

28.     Defendants admit that as of November 14, 2012, customers had purchased KHROMA BEAUTY products in Ulta stores in Southern California, including the Los Angeles area, and that those products could include false eyelashes, mascaras, overall face palette kits, eyeliners, and lip sets.  Defendants also admit that these KHROMA BEAUTY products are available online though www.ulta.com, www.sears.com, and www.amazon.com.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 28, and therefore deny the same.

29.     Defendants deny that Boldface has been unresponsive to Plaintiff's communications.  Defendants admit that Plaintiff has requested relief stemming from allegations of infringement and unfair business practices, but denies that those allegations have merit.  Defendants deny the remaining allegations of paragraph 29.

30.     The allegations of paragraph 30 do not require a response.  To the extent a response is required, Defendant incorporates the foregoing answers into each count below.

**COUNT ONE**

**Trademark Infringement**

31.     Answering paragraph 31, Defendants incorporate by reference all of the answers in the preceding paragraphs as though fully set forth herein.

32.     Defendants deny the allegations of paragraph 32.

33.     Defendants admit that the KHROMA BEAUTY mark has already attracted global attention.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

ANSWER TO COMPLAINT

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants lack sufficient information to form a belief as to the truth of the allegations that Plaintiff's clients exercise a high degree of care in choosing their beauty products, and that Plaintiff's employees exercise a high degree of care in assisting clients in choosing beauty products, and therefore deny the same. Defendants deny the remaining allegations of paragraph 37.

38. Defendants lack sufficient information and belief to answer the allegation that Plaintiff has been planning a major expansion effort for its products, and therefore deny the same. Defendants deny the remaining allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

## COUNT TWO

### Unfair Competition under California Law

41. Answering paragraph 41, Defendants incorporate by reference all of the answers in the preceding paragraphs as though fully set forth herein.

42. Defendants admit the allegations of paragraph 42.

43. Defendants admit the allegations of paragraph 43.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. The allegation in paragraph 47 is Plaintiff's request for a jury trial and does not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested therein.

ANSWER TO COMPLAINT

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.     Plaintiff's Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (No Protectable Mark)

2.     Plaintiff's claims are barred, in whole or part, because the term "Chroma" is generic or, at most descriptive with no secondary meaning and has not acquired distinctiveness.  Therefore, the term "Chroma" is not a protectable mark under the Lanham Act or common law.

## THIRD AFFIRMATIVE DEFENSE

### (Abandonment)

3.     Plaintiff's claims are barred, in whole or part, by the doctrine of abandonment.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.     Plaintiff's claims are barred, in whole or part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.     Plaintiff's claims are barred, in whole or part, by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Acquiescence)

6.     Plaintiff's claims are barred, in whole or part, by the doctrine of acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

7.     Plaintiff's claims are barred, in whole or part, by the doctrine of laches.

ANSWER TO COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Fair Use)

8.     Plaintiff's claims are barred, in whole or part, because Defendants use of the term "khroma" is a fair use, or otherwise constitutes permissible and good faith use other than as a trademark.

## NINTH AFFIRMATIVE DEFENSE

### (No Causation of Injury)

9.     Plaintiff's claims are barred, in whole or part, because Boldface's alleged conduct is not the cause of any injuries or damages allegedly suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Mitigation of Damages)

10.     Plaintiff's claims are barred, in whole or part, because it has failed to mitigate any alleged damages.

## RESERVATION OF RIGHTS AND DEFENSES

11.     Boldface reserves the right to raise additional defenses as it becomes aware of them.

## BOLDFACE'S PRAYER FOR RELIEF

**WHEREFORE**, Boldface prays for relief as follows:

1.     That Plaintiff take nothing by way of the Complaint and the Court dismiss this action with prejudice;

2.     That the Court enter judgment that Defendant Boldface is the prevailing party in this action;

3.     That the Court award Boldface all costs, expenses, and attorneys' fees that it is entitled to under applicable law; and

///

///

///

ANSWER TO COMPLAINT

4.   That the Court award any and all other relief to which Boldface may be entitled.

DATED:  December 28, 2012          GREENBERG TRAURIG, LLP


                                   By:   /s/ Wendy M. Mantell
                                         Susan L. Heller
                                         Wendy M. Mantell
                                         Nina D. Boyajian
                                         Attorneys for BOLDFACE GROUP, INC.,
                                         BOLDFACE Licensing + Branding

ANSWER TO COMPLAINT