BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
CHROMA MAKEUP STUDIO LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHROMA MAKEUP STUDIO LLC, | Case No. CV 12-09893 |
| Plaintiff, | The Hon. George H. King |
| vs. | |
| BOLDFACE GROUP, INC., and BOLDFACE LICENSING + BRANDING, | **PLAINTIFF CHROMA MAKEUP STUDIO LLC'S *EX PARTE* APPLICATION FOR ENTRY OF JUDGMENT FILED ON NOVEMBER 14, 2014** |
| Defendant. | |

486656.1

TO THE COURT AND TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff hereby applies to the Court *ex parte* for entry of the stipulated judgment filed on November 14, 2014. *Ex parte* relief is necessary because Plaintiff learned today that a receiver is disposing of Defendants' assets and a state court has set a hearing in December to finalize the receiver's accounting of assets. Defendants have stopped paying the agreed-upon settlement amounts to Plaintiff, and a delay in entry of judgment may prevent Plaintiff from timely pursuing any remaining assets of Defendants.

This application is based on this notice, the attached memorandum of points and authorities, the attached declaration of Jonathan Gottfried, and such other documentary or oral evidence as may be offered to the Court at any hearing on this application.

Opposing counsel of record for Defendants in this action is:

- Allen Grodsky; Grodksy & Olecki LLP, 2001 Wilshire Boulevard, Suite 210, Santa Monica, CA 90403; 310.315.3009; allen@grodsky-olecki.com

When informed of this *ex parte* application, Mr. Grodsky indicated that he no longer represented Defendants but would share information regarding this *ex parte* application with Defendants. In addition, counsel for Defendants in the separate action in which a receiver has been appointed for Defendants' assets is:

- Beth Young; Levene, Neale, Bender, Yoo & Brill, 10250 Constellation Blvd., Suite 1700, Los Angeles, CA 90067; 310.229.1234; bry@lnbyb.com

1   DATED:  November 19, 2014     BROWNE GEORGE ROSS LLP

2

3

4                     By   _____

                                 Jonathan Gottfried

5                     Attorneys for Plaintiff

                     CHROMA MAKEUP STUDIO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION.

In December 2013, Plaintiff Chroma Makeup Studio LLC and Defendants Boldface Group, Inc. and Boldface Licensing and Branding stipulated that Defendants would pay Plaintiff set amounts on a monthly basis through December 31, 2014.  In the event that Defendants failed to pay any of these amounts or if a petition for receiver were filed for a substantial portion of Defendants' assets, then all amounts would become immediately due.  The parties stipulated to a judgment that would be entered in that eventuality, and Defendants waived any defenses or objections to the judgment.

On October 31, 2014, Chroma notified Defendants that all amounts due under the parties' agreement should be immediately paid because: (1) Boldface had missed a payment of $10,000 to Chroma that was due in October, and (2) a petition for receivership had been filed regarding Defendants' assets in a state-court proceeding. Defendants failed to pay the required amounts or otherwise respond to Plaintiff's letter.  Consequently, on November 9, Plaintiff filed a Request for Entry of Judgment with the Court.  Then, on November 19, Plaintiff obtained documents from the state-court proceeding indicating that the receiver had already sold many of Defendants' assets and that a hearing was scheduled for December 16 to finalize the Receiver's payments.

Plaintiff now moves to expedite entry of the stipulated judgment so that it can pursue remedies to obtain the stipulated settlement amount before Defendants' assets are soon depleted.

### II.    ARGUMENT

In December 2013, Plaintiff Chroma Makeup Studio LLC and Defendants Boldface Group, Inc. and Boldface Licensing and Branding stipulated that Defendants would pay Plaintiff set amounts on a monthly basis through December 31, 2014.  (Ex. A ¶ 3)  In the event that Defendants failed to pay any of these

1  amounts or if a petition for receiver were filed for a substantial portion of
2  Defendants' assets, then all amounts would become immediately due.  *Id.* ¶ 4. The
3  parties stipulated to a judgment that would be entered after the expiration of a five-
4  day cure period, and Defendants waived any defenses or objections to the judgment.
5  *Id.* ¶ 5.

6        On October 31, 2014, Chroma notified Defendants that all amounts due under
7  the parties' agreement should be immediately paid because: (1) Boldface had missed
8  a payment of $10,000 to Chroma that was due in October, and (2) a receiver had
9  been appointed over Defendants' assets in a state-court proceeding.  (Ex. B)
10  Defendants failed to respond to this letter.   (Gottfried Decl. ¶ 3)[1]

11        Consequently, on November 9, Plaintiff filed a Request for Entry of Judgment
12  with the Court.  (Dock. No. 102)  Defendants did not file any opposition.

13        On November 19, Plaintiff obtained documents from the state-court
14  proceeding indicating that the receiver had already sold many of Defendants' assets
15  and that a hearing was scheduled for December 16 to finalize the Receiver's
16  payments.  (Gottfried Decl. ¶ 6 & Exs. E & F)  Expedited entry of the parties'
17  stipulated judgment is therefore necessary to enable Plaintiff to protect its recovery
18  of the agreed-upon settlement amount.

19  **III.   CONCLUSION.**

20        For the foregoing reasons, Plaintiff respectfully requests that the Court enter
21  the stipulated judgment attached as Exhibit C

22

23

24

25

26

27

28

---

[1] "Gottfried Decl." refers to the accompanying Declaration of Jonathan Gottfried.

1   DATED: November 19, 2014      BROWNE GEORGE ROSS LLP

2

3

4                                  By   _____

                                   Attorneys for Plaintiff
5                                    CHROMA MAKEUP STUDIO LLC

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JONATHAN GOTTFRIED

I, Jonathan Gottfried, declare and state as follows:

1.     I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California.  I am a partner with the firm of Browne George Ross LLP, counsel of record for Plaintiff Chroma Makeup Studio LLC.  I have firsthand, personal knowledge of the facts set forth below and if called as a witness could competently testify thereto.

2.     Attached as **Exhibit A** is a true and correct copy of the parties' Stipulation for Entry of Judgment.

3.     Attached as **Exhibit B** is a true and correct copy of a letter (without attachments) that I wrote on October 31, 2014 to counsel for Boldface, copying the Chief Financial Officer of Boldface as well as the court-appointed receiver.  I did not receive a response to this letter.

4.     Attached as **Exhibit C** is the Judgment Pursuant to Stipulation, with amounts filled in by me.   This was originally filed with the Court on November 9, 2014, except that the name of the judge has been changed to reflect the re-assignment of this case.

3.     On November 19, I called and, not receiving a response, emailed Allen Grodsky, counsel of record for Defendants, informing him of the substance and timing of Plaintiff's *ex parte* application.   Attached as **Exhibit D** is a true and correct copy of my written exchange with Mr. Grodksy.

4.     Mr. Grodsky responded that he no longer represented Defendants but would pass along the information to the relevant individuals.  Attached as **Exhibit D** is a true and correct copy of my written exchange with Mr. Grodksy.

5.     On November 19, I also contacted Beth Young of Levene, Neale, Bender, Yoo and Brill, counsel of record for Boldface Group, Inc. and Boldface Licensing and Branding in *Hillair Capital Investments L.P., v. Boldface Group, Inc. and Boldface Licensing + Branding*—the state-court matter in which a receiver has

1  been appointed.   I left a voicemail for Ms. Young regarding the timing and

2  substance of this *ex parte* application.  I received no response from Ms. Young as of

3  the filing of this motion.

4         6.      Attached hereto as **Exhibits E and F** are true and correct copies of

5  documents that I received and reviewed on November 19, 2014 from *Hillair Capital*

6  *Investments L.P., v. Boldface Group, Inc. and Boldface Licensing + Branding,* Case

7  No. SC123052 (Sup. Ct. of Los Angeles).  Exhibit E is a true and correct copy of the

8  Notice of Ruling and Notice of Entry of Order regarding the appointment of a

9  receiver.  Exhibit F is a true and correct copy of the docket in the *Hillair* case, which

10 indicates a hearing "To Approve the 1st and Final Accounting of Receiver" schedule

11 for December 16, 2014.

12

13        Executed this 19th day of November, 2014 at Los Angeles, California.

14        I declare under penalty of perjury under the laws of the United States of

15 America that the foregoing is true and correct.

16

17                          ____/s/ Jonathan Gottfried_____
                            Jonathan Gottfried
18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1  BROWNE GEORGE ROSS LLP
   Peter W. Ross (State Bar No. 109741)
2    pross@bgrfirm.com
   Keith J. Wesley (State Bar No. 229276)
3    kwesley@bgrfirm.com
   Jonathan L. Gottfried (State Bar No. 282301)
4    jgottfried@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
5  Los Angeles, California 90067
   Telephone: (310) 274-7100
6  Facsimile: (310) 275-5697

7  Attorneys for Plaintiff
   CHROMA MAKEUP STUDIO LLC
8

9  GRODSKY & OLECKI, LLP
   Allen B. Grodsky (State Bar No. 111064)
10   allen@grodsky-olecki.com
   Courtney L. Puritsky(State Bar No. 251330)
11   courtney@grodsky-olecki.com
   2001 Wilshire Blvd #210
12 Santa Monica, CA 90403
   Telephone: (310) 315-3009
13 Facsimile: (310) 315-1557

14 Attorneys for Defendants
   BOLDFACE GROUP, INC. and
15 BOLDFACE LICENSING + BRANDING

16                 UNITED STATES DISTRICT COURT

17          CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18

19 CHROMA MAKEUP STUDIO LLC,            Case No. CV 12-09893 ABC (PJWx)

20            Plaintiff,                The Hon. Audrey B. Collins
                                        [Magistrate Judge: Hon. Patrick J. Walsh]
21      vs.

22 BOLDFACE GROUP, INC., and           **STIPULATION FOR ENTRY OF**
   BOLDFACE LICENSING + BRANDING,       **JUDGMENT**
23
            Defendant.
24

25                                      Trial Date: April 22, 2014

26      IT IS HEREBY STIPULATED by and between Plaintiff Chroma Makeup Studio LLC

27 ("Chroma") and defendants Boldface Group, Inc. and Boldface Licensing + Branding (jointly and

28 severally, "Boldface") that:

                         STIPULATION FOR ENTRY OF JUDGMENT

1.     Each of the following will be a "Triggering Event": (i) Boldface fails to make any timely payment as set forth in paragraph 3 below, (ii) a petition for the appointment of a receiver, trustee, or conservator on behalf of Boldface is filed for a substantial portion of Boldface's assets, (iii) a petition in bankruptcy for relief under the provisions of the Federal Bankruptcy Code is filed by or against Boldface, and (iv) a substantial portions of Boldface's assets are assigned for the benefit of creditors.

2.     If no Triggering Event occurs, then this Stipulation will be held by counsel for Chroma and will not be filed with the Court.

3.     Chroma will receive from Boldface, timely payment of the principal amount of $180,000 as follows:

    (a)     On or before December 31, 2013, Boldface will pay Chroma the sum of $30,000;

    (b)     On or before January 31, 2014, Boldface will pay Chroma the sum of $10,000;

    (c)     On or before February 28, 2014, Boldface will pay Chroma the sum of $10,000;

    (d)     On or before March 31, 2014, Boldface will pay Chroma the sum of $10,000;

    (e)     On or before April 30, 2014, Boldface will pay Chroma the sum of $10,000;

    (f)     On or before May 30, 2014, Boldface will pay Chroma the sum of $10,000;

    (g)     On or before June 30, 2014, Boldface will pay Chroma the sum of $10,000;

    (h)     On or before July 31, 2014, Boldface will pay Chroma the sum of $10,000;

    (i)     On or before August 29, 2014, Boldface will pay Chroma the sum of $10,000;

    (j)     On or before September 30, 2014, Boldface will pay Chroma the sum of $10,000;

    (k)     On or before October 31, 2014, Boldface will pay Chroma the sum of $10,000;

    (l)     On or before November 26, 2014, Boldface will pay Chroma the sum of $10,000;

    (m)     On or before December 31, 2014, Boldface will pay Chroma the sum of $40,000.

All payments will be made payable to Browne, George & Ross LLP Client Trust Account and shall be delivered on or before each of the dates set forth above to counsel for CMS, Browne, George & Ross, LLP, 2121 Avenue of the Stars, #2400; Los Angeles, California 90067.

4     If any Triggering Event occurs, then all amounts detailed above in paragraph 3 of this Stipulation that Boldface has not yet paid will become immediately due to Chroma.  Chroma

will be entitled to have a judgment in the form attached hereto as Exhibit A entered in its favor for the principal amount of $180,000 (minus any payments made by Boldface) plus interest at the rate of 10% from the date of Boldface's last payment to Chroma until the date of entry of judgment, plus post-judgment interest at the legal rate, plus attorneys' fees and costs incurred by Chroma in obtaining enforcing the judgment, plus costs of suit.

5.     The Judgment may be entered after Chroma's counsel has provided Boldface's counsel with notice of five days to cure the default within that five-day period.  Notice of default will be provided by email and overnight mail to the following addresses:

Allen B. Grodsky, Esq.
Grodsky & Olecki LLP
2001 Wilshire Boulevard, #201
Santa Monica, CA 90403
allen@grodsky-olecki.com

6.     Boldface waives: (i) its right to a trial and to findings of fact and conclusions of law with respect to this Stipulation and the Judgment, (ii) its right to assert any defense or objection to this Stipulation or the Judgment, and (iii) all statutes of limitations and all applicable statutes and decisions relating to dismissal of actions for delay or want of prosecution.

7.     Any judgment entered pursuant to this Stipulation will become final for all purposes upon entry and each party waives any right to an appeal.

8.     The parties agree that the Court will retain jurisdiction over the parties and over the above-entitled action to enforce the terms of the parties' Settlement Agreement and this Stipulation.

9.     The attorneys signing this Stipulation represent that they have discussed the terms of this Stipulation with their clients and that their clients have consented to its terms.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: Dec 16, , 2013

BROWNE GEORGE ROSS LLP

By _____
       Peter W. Ross
Attorneys for Plaintiff
CHROMA MAKEUP STUDIO LLC

DATED: Dec. 11 , 2013

GRODSKY & OLECKI, LLP

By: _____
       Allen B. Grodsky
Attorneys for Defendants BOLDFACE GROUP,
INC. AND BOLDFACE LICENSING +
BRANDING

408448.1

-4-

STIPULATION FOR ENTRY OF JUDGMENT

# EXHIBIT A

Case 2:12-cv-09893-ABC-PJW   Document 103   Filed 11/19/14   Page 15 of 49   Page ID
#:1700
Case 2:12-cv-09893-ABC-PJW   Document 102   Filed 11/14/14   Page 10 of 16   Page ID
#:1679

1   BROWNE GEORGE ROSS LLP
    Peter W. Ross (State Bar No. 109741)
2     pross@bgrfirm.com
    Keith J. Wesley (State Bar No. 229276)
3     kwesley@bgrfirm.com
    Jonathan L. Gottfried (State Bar No. 282301)
4     jgottfried@bgrfirm.com
    2121 Avenue of the Stars, Suite 2400
5   Los Angeles, California 90067
    Telephone: (310) 274-7100
6   Facsimile: (310) 275-5697

7   Attorneys for Plaintiff
    Chroma Makeup Studio LLC
8

9                   UNITED STATES DISTRICT COURT

10      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12
    CHROMA MAKEUP STUDIO LLC,          Case No.  CV 12-09893 ABC (PJWx)
13                                      Assigned to the Hon. Audrey B. Collins
              Plaintiff,
14                                      **JUDGMENT PURSUANT TO
        vs.                             STIPULATION**
15
    BOLDFACE GROUP, INC., and           Trial Date: None Set
16  BOLDFACE LICENSING +
    BRANDING,
17
              Defendants.
18

19

20

21

22

23

24

25

26

27

28

408483.1

JUDGMENT PURSUANT TO STIPULATION

1       Pursuant to the Stipulation for Entry of Judgment executed by the parties to

2 this action,

3       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff

4 Chroma Makeup Studio LLC will have judgment against defendants Boldface

5 Group, Inc. and Boldface Licensing + Branding, jointly and severally, in the sum of

6 $_____ (which includes outstanding payments, interest at the rate of

7 10% from the date of defendants' last payment to plaintiff until the date of entry of

8 this judgment, attorneys' fees and costs incurred by plaintiff in obtaining and

9 enforcing the judgment, and costs of suit), less credits of $_____

10 previously paid by defendants. The foregoing amounts total $_____. Post-

11 judgment interest is awarded at _____%.

12

13

14 DATED: _____, 201_      _____

15                                     Hon. Audrey B. Collins,

16                                     Judge of the Federal Court

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B



BROWNE
GEORGE
ROSS

LOS ANGELES • SAN FRANCISCO

Andrew A. August
Ira G. Bibbero
Michael A. Bowse
Lori S. Brody
Eric M. George
Jonathan L. Gottfried
Elena Nutenko
Kevin F. Rooney
Peter W. Ross
Joseph P. Russoniello
Benjamin D. Scheibe
Keith J. Wesley
Russell F. Wolpert
Lauren Woodland

October 31, 2014

Jonathan L. Gottfried
Direct Dial: (424) 202-5506
jgottfried@bgrfirm.com

File No. 7296-001

**VIA EMAIL AND OVERNIGHT MAIL– allen@grodsky-olecki.com**

Allen B. Grodsky, Esq.
Grodsky & Olecki LLP
2001 Wilshire Blvd., Suite 210
Santa Monica, CA 90403-5267

      Re:   <u>Chroma Makeup Studio/Boldface</u>

Dear Allen:

      Pursuant to the parties' Settlement Agreement and Stipulation for Entry of Judgment (attached), all outstanding amounts due by Boldface Group, Inc. and Boldface Licensing + Branding (collectively, "Boldface") will become immediately due to Chroma upon the occurrence of either of the following "triggering events": "(i) Boldface fails to make any timely payment.... (ii) a petition for the appointment of a receiver…on behalf of Boldface is filed for a substantial portion of Boldface's assets."   According to Boldface's SEC filings, the Superior Court of the State of California appointed a receiver over all of Boldface's assets in September.  In addition, Chroma has not received the payment of $10,000 due for October.

      Pursuant to the parties' Settlement Agreement and Stipulation for Entry of Judgment (which states that notice is to be provided to you), Boldface must immediately pay all outstanding amounts due to Chroma, which total $60,000.  Failure to provide payment within five calendar days will result in the filing of Judgment Pursuant to Stipulation, upon which the parties agreed, and may result in other legal action.

                              Best regards,

                              Jonathan L. Gottfried

cc:    Ashumi Kothary (ashumi@boldfacegroup.com)
       David P. Stapleton (david@stapletoninc.com)

483100.1

# EXHIBIT C

BROWNE GEORGE ROSS LLP
Peter W. Ross (State Bar No. 109741)
  pross@bgrfirm.com
Keith J. Wesley (State Bar No. 229276)
  kwesley@bgrfirm.com
Jonathan L. Gottfried (State Bar No. 282301)
  jgottfried@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiff
Chroma Makeup Studio LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHROMA MAKEUP STUDIO LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BOLDFACE GROUP, INC., and BOLDFACE LICENSING + BRANDING,<br><br>Defendants. | Case No.  CV 12-09893<br>Assigned to the Hon. George H. King<br><br>**JUDGMENT PURSUANT TO STIPULATION**<br><br>Trial Date: None Set |

408483.1

1    Pursuant to the Stipulation for Entry of Judgment executed by the parties to

2 this action,

3    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff

4 Chroma Makeup Studio LLC will have judgment against defendants Boldface

5 Group, Inc. and Boldface Licensing + Branding, jointly and severally, in the sum of

6 $___60,500___ (which includes outstanding payments, interest at the rate of

7 10% from the date of defendants' last payment to plaintiff until the date of entry of

8 this judgment, attorneys' fees and costs incurred by plaintiff in obtaining and

9 enforcing the judgment, and costs of suit),  less credits of $_____

10 previously paid by defendants.  The foregoing amounts total $__60,500__.  Post-

11 judgment interest is awarded at _10_ %.

12

13

14 DATED: _____, 201_    _____

15                                   Hon. George H. King,
                                   Judge of the Federal Court

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
JUDGMENT PURSUANT TO STIPULATION

**EXHIBIT D**

**Jonathan L. Gottfried**

| | |
|---|---|
| **From:** | Allen Grodsky <allen@grodsky-olecki.com> |
| **Sent:** | Wednesday, November 19, 2014 2:20 PM |
| **To:** | Jonathan L. Gottfried |
| **Subject:** | RE: Chroma v. Boldface Case No. CV 12-09893 (now assigned to Judge George H. King) |

Jonathan –

I don't represent Boldface any longer but I will pass on your letter.

Allen

Allen B. Grodsky
Grodsky & Olecki LLP
2001 Wilshire Boulevard
Suite 210
Santa Monica, CA 90403

Phone: (310) 315-3009
Fax: (310) 315-1557

www.Grodsky-Olecki.com

This e-mail and its attachments are for the intended recipient only and may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law. If you are not the intended recipient, any dissemination, distribution, or copying of this e-mail and attachments is strictly prohibited. If you have received this e-mail and attachments in error, please reply indicating so and delete all copies of the e-mail and attachments. Thank you.

**From:** Jonathan L. Gottfried [mailto:JGottfried@bgrfirm.com]
**Sent:** Wednesday, November 19, 2014 2:18 PM
**To:** Allen Grodsky
**Subject:** Chroma v. Boldface Case No. CV 12-09893 (now assigned to Judge George H. King)

Allen,

Chroma will be moving ex parte today for entry of the stipulated judgment that was filed on Friday, November 14 (Exhibit C, which is the last page, to the attached PDF). Based on my review of documents received today from the Hillair case, it is apparent that the receiver in the Hillair matter is moving quickly; and it is therefore important that Chroma obtain a judgment for the outstanding settlement amount as soon as possible. Please let me know if you intend to oppose the ex parte motion.

Best regards,
Jonathan

_____

This e-mail message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not

1

intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**EXHIBIT E**



1  BUCHALTER NEMER
   A Professional Corporation
2  STEVEN M. SPECTOR (SBN: 51623)
   OREN BITAN (SBN: 251056)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Fax: (213) 896-0400
5  Email: sspector@buchalter.com
   Email: obitan@buchalter.com
6
   Attorneys for Plaintiff
7  HILLAIR CAPITAL INVESTMENTS L.P.

**FILED**
Superior Court of California
County of Los Angeles

OCT 21 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Darnetta Smith

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **COUNTY OF LOS ANGELES, WEST DISTRICT**

10

11  HILLAIR CAPITAL INVESTMENTS L.P., a          CASE NO. SC123052
    Cayman Islands limited partnership,
12                                               **NOTICE OF RULING AND NOTICE OF**
               Plaintiff,                        **ENTRY OF ORDER**
13
        vs.                                      Date:  October 17, 2014
14                                               Time:  8:30 a.m.
    BOLDFACE GROUP, INC., a Nevada               Place: Dept. N
15  Corporation, BOLDFACE LICENSING +                   1725 Main Street
    BRANDING, a Nevada corporation, and DOES             Santa Monica, CA
16  1 through 20, inclusive,

17             Defendants.

18

19      TO THE INTERESTED PARTIES:

20          PLEASE TAKE NOTICE that on October 17, 2014, the Court entered that certain "Order

21  Confirming Appointment of Receiver Over Assets of Receivership Defendants and Issuing

22  Preliminary Injunction," a copy of which is attached hereto, marked Exhibit "A" and incorporated

23  hereat by reference.

24

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 17212569v1                                1

**NOTICE OF RULING AND NOTICE OF ENTRY OF ORDER**

1   DATED:  October 17, 2014

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A Professional Corporation


By: _____
          STEVEN M. SPECTOR
         Attorneys for Plaintiff
    HILLAIR CAPITAL INVESTMENTS, L.P.

# EXHIBIT A

BUCHALTER NEMER
A Professional Corporation
STEVEN M. SPECTOR (SBN: 51623)
OREN BITAN (SBN: 251056)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Fax: (213) 896-0400
Email: sspector@buchalter.com
Email: obitan@buchalter.com

Attorneys for Plaintiff
HILLAIR CAPITAL INVESTMENTS L.P.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 17 2014

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Kathleen Neal

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| HILLAIR CAPITAL INVESTMENTS L.P., a Cayman Islands limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>BOLDFACE GROUP, INC., a Nevada Corporation, BOLDFACE LICENSING + BRANDING, a Nevada corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. SC123052<br><br>Assigned to Judge Craig D. Karlan Department N<br><br>**ORDER CONFIRMING APPOINTMENT OF RECEIVER OVER ASSETS OF RECEIVERSHIP DEFENDANTS AND ISSUING PRELIMINARY INJUNCTION**<br><br>**Order to Show Cause Hearing**:<br>Date:  October 17, 2014<br>Time:  8:30 a.m.<br>Place:  Department N<br>    1725 Main Street<br>    Santa Monica, CA |

COPY

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 17205204V1                    1

ORDER CONFIRMING APPOINTMENT OF RECEIVER AND ISSUING PRELIMINARY INJUNCTION
US_101647933v2_382501-00020 10/16/2014 3:34 PM

1    This matter came on regularly for hearing before the undersigned on

2    October 17, 2014 at 8:30 a.m. in Department N of the above-entitled Court, located at

3    1725 N. Main Street, Santa Monica, California, pursuant to the provisions of this Court's

4    "Order Granting Ex Parte Application Appointing Receiver Over Assets of Receivership

5    Defendants; Temporary Restraining Order; Order to Show Cause Why Receiver Should

6    Not be Confirmed and Why Preliminary Injunction Should Not Be Granted" (the

7    "Receiver/TRO Order").

8    Pursuant to the Receiver/TRO Order, the Receivership Defendants (as

9    defined in the Receiver/TRO Order) were ordered to show cause, if any they had, (a) why

10   the ex parte appointment of David P. Stapleton ("Receiver") as Receiver over the

11   Receivership Property (as defined in the Receiver/TRO Order) should not be confirmed;

12   and (b) why the Court should not issue a preliminary injunction against said Receivership

13   Defendants in form and substance identical to the Court's Temporary Restraining Order.

14   The Court has considered "Defendants' Response to Order to Show Cause

15   Re Appointment of Receiver" (the "Response") and Plaintiff's "Reply to Defendants'

16   Response to Order to Show Cause Re Appointment of Receiver" (the "Reply").

17   The Court finds that the Response does not show cause why the

18   appointment of the Receiver should not be confirmed.  Accordingly, for good cause

19   shown, the Court orders as follows:

20   1.    All terms set forth below shall have the meaning as forth in the

21   Receiver/TRO Order;

22   2.    David P. Stapleton is hereby confirmed as Receiver with all of the

23   rights, powers and duties set forth in the Receiver/TRO Oder;

24   3.    The Receiver's Bond in the amount of $300,000.00 on file herein

25   shall remain as security for the faithful performance of the Receiver's duties pending

26   further order of Court.

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 17205204V1                                    2

ORDER CONFIRMING APPOINTMENT OF RECEIVER AND ISSUING PRELIMINARY INJUNCTION
US_101647933v2_382501-00020 10/16/2014 3:34 PM

4.      Plaintiff's undertaking filed herein pursuant to Code of Civil Procedures § 566 shall remain a security for the obligations thereunder pending further order of Court.

5.      All of the terms, provisions and conditions of the Receiver/TRO Order, a copy of which is attached hereto as Exhibit "A", are hereby confirmed and shall continue in full force and effect according to their terms as though fully set forth herein;

6.      The Receivership Defendants, and each of them, and their respective officers, directors, agents, property managers and employees, and all other persons acting under, in concert with, or for them who have actual or constructive knowledge of this Order, and their agents and employees shall not in any manner, directly or indirectly:

a.      Commit or permit any waste of the Receivership Property or any part thereof, or suffer or commit or permit any act on the Receivership Property or any part thereof in violation of law, or remove, transfer, encumber or otherwise dispose of any of the property or of the Receivership Property or any part thereof;

b.      Directly or indirectly interfere in any manner with the discharge of the Receiver's duties under this Order or the Receiver's possession of and operation or management of the Receivership Property;

c.      Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the whole or any part of the Receivership Property without prior specific Court Order;

d.      Withhold any Receivership Property assets, books, records, or funds from the Receiver; and

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 17205204V1

3

ORDER CONFIRMING APPOINTMENT OF RECEIVER AND ISSUING PRELIMINARY INJUNCTION
US_101647933v2_382501-00020 10/16/2014 3:34 PM

e.     Do any act which will, or which will tend to impair, defeat, divert, prevent or prejudice the preservation of the Receivership Property.

Dated: October 7, 2014

/s/ **CRAIG D. KARLAN**

CRAIG D. KARLAN
JUDGE OF THE SUPERIOR COURT

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 17205204V1

4

**ORDER CONFIRMING APPOINTMENT OF RECEIVER AND ISSUING PRELIMINARY INJUNCTION**
US_101647933v2_382501-00020 10/16/2014 3:34 PM

# EXHIBIT A

1  BUCHALTER NEMER
   A Professional Corporation
2  STEVEN M. SPECTOR (SBN: 51623)
   OREN BITAN (SBN: 251056)
3  1000 Wilshire Boulevard, Suite 1500
   Los Angeles, CA 90017-2457
4  Telephone: (213) 891-0700
   Fax: (213) 896-0400
5  Email: sspector@buchalter.com
   Email: obitan@buchalter.com
6
7  Attorneys for Plaintiff
   HILLAIR CAPITAL INVESTMENTS L.P.

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 03 2014

Sherri R. Carter, Executive Officer/Clerk
By: Ani Dastaryan, Deputy

8        SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               COUNTY OF LOS ANGELES

11  HILLAIR CAPITAL INVESTMENTS          CASE NO. SC123052
    L.P., a Cayman Islands limited partnership,
12                                        Assigned to Judge Craig D. Karlan
              Plaintiff,                  Department N
13
         vs.                             ORDER GRANTING *EX PARTE*
14                                        APPLICATION; APPOINTING
    BOLDFACE GROUP, INC., a Nevada        RECEIVER OVER ASSETS OF
15  Corporation, BOLDFACE LICENSING +     RECEIVERSHIP DEFENDANTS;
    BRANDING, a Nevada corporation, and   TEMPORARY RESTRAINING ORDER;
16  DOES 1 through 20, inclusive,         ORDER TO SHOW CAUSE WHY
                                          RECEIVER SHOULD NOT BE
17            Defendants.                 CONFIRMED AND WHY PRELIMINARY
                                          INJUNCTION SHOULD NOT BE
18                                        GRANTED

19                                        *Ex Parte* Hearing:
                                          Date:  September 3, 2014
20                                        Time:  8:30 a.m.
                                          Dept.: N
21
22                                        Order to Show Cause Hearing:
                                          Date:
23                                        Time:
                                          Dept.:
24

25

26

27

28

1    The Court, having considered plaintiff Hillair Capital Investments L.P. ("Hillair" or

2    "Plaintiff") *ex parte* application for appointment of receiver and issuance of a temporary

3    restraining order ("Application"), the memorandum of points and authorities and declarations

4    filed in support thereof, the pleadings in this action, and good cause appearing:

5    **ORDER APPOINTING RECEIVER**

6    **IT IS HEREBY ORDERED** that, pending the hearing of this Order to Show Cause,

7    David P. Stapleton ("Receiver") is appointed as receiver to take possession, custody, and control

8    of all of the assets of defendants Boldface Group, Inc., a Nevada corporation, and Boldface

9    Licensing + Branding,   a Nevada corporation, (collectively, "Receivership Defendants")

10    including but not limited to their contract rights to licenses, distribution agreements, inventory,

11    intellectual property, all accounts receivable, inventory, equipment, fixtures, software, goods,

12    instruments, policies or certificates of insurance, deposit accounts, money, investment property,

13    intangibles, and all other property which has been pledged by the Receivership Defendants, or

14    any of them, to Hillair as collateral under the June 2013 Security Agreement, March 2014

15    Security Agreement, and July 2014 Security Agreement, as those terms are defined in the

16    Application, together with all revenues, profits, proceeds, and payments thereof (the "Collateral")

17    (the assets of the Receivership Defendants, as well as the Collateral, are referred herein

18    collectively as the "Receivership Property"), wherever located, including but not limited to the

19    following locations: 1945 Euclid Street, Santa Monica, CA 90404 and all other locations where

20    the Collateral may be stored by the Receivership Defendants or others, and to conserve and

21    liquidate the Receivership Property in accordance with this Order and further orders of this Court.

22    The powers of the Receiver are all the usual and customary powers of a receiver to take control of

23    and operate the Receivership Property, including and subject to the duties and powers enumerated

24    below.

25    //

26    //

27    //

28    //

**IT IS FURTHER ORDERED** that:

1.     <u>Receiver's Oath and Bond</u>.  Before performing his duties, the Receiver shall execute a receiver's oath and file a bond with surety thereon, approved by this Court in the sum of $ 200,000 , conditioned upon the faithful performance of the Receiver's duties.

2.     <u>Receiver's Disclosures</u>.  Within seven (7) days of his appointment, the Receiver is to disclose to all parties any financial relationship between the Receiver and any company he hires to assist in the management of the Receivership Property.

3.     <u>Hillair's Undertaking</u>.  Hillair shall file an undertaking under California *Code of Civil Procedure* Section 566 in the amount of $ 10,000  which undertaking shall be from a surety approved by the Court.

4.     <u>Receiver's Duties and Powers</u>.  After so qualifying, the Receiver:

(a)     Shall take possession, custody and control of the Receivership Property, including without limitation, the Collateral, together with all related documents, books, records, papers, and accounts and may, at the Receiver's sole discretion, continue to operate the business of the Receivership Defendants as a going concern, operate the business for the purposes of facilitating a sale or liquidation of the Receivership Property at any terms the Receiver deems reasonable under the circumstances, or shutdown and cease operations of all or a portion of the business of the Receivership Defendants, and take all appropriate action in furtherance of the foregoing;

(b)     Is authorized to immediately employ the services of attorneys, accountants, computer consultants, property managers, and other professionals in connection with his duties administering the receivership estate and pay for those services in the amount of the normal fees charged by those professionals.

(c)     Shall collect all profits, proceeds, and income resulting from the Receivership Property;

(d)     Shall care for, preserve, operate and maintain the Receivership Property;

(e)     Shall enter into contracts as the Receiver reasonably believes necessary for the preservation of the Receivership Property;

1       (f)     Shall institute and prosecute all suits as the Receiver, upon obtaining

2  permission of the Court, may reasonably believe to be necessary in connection with the

3  preservation of the Receivership Property, and defend all such suits and actions as may be

4  instituted against the Receivership Property or the Receiver;

5       (g)     Shall obtain and pay for any licenses or permits that the Receiver

6  reasonably believes to be necessary for the preservation of the Receivership Property;

7       (h)     Shall issue subpoenas, conduct and participate in discovery, take

8  depositions, pursue contempt actions, and otherwise pursue all remedies available by law to

9  ensure compliance with the Receiver's authority granted herein; and

10       (i)     Shall incur the expenses necessary for the care, preservation and

11  maintenance of the Receivership Property.

12       5.     <u>Receivership Fees and Costs</u>.  The Receiver may charge as interim fees his

13  standard hourly billing rate, which is currently $325 per hour, plus reimbursement of costs for

14  the Receiver's services.  The Receiver is authorized to employ the services of accountants,

15  attorneys, computer consultants, property managers, field agents and case managers, and other

16  professionals in connection with his duties administering the receivership estate and pay for those

17  services in the amount of the normal fees charged by those professionals.

18       6.     <u>Inventory</u>.  Within thirty (30) days after qualification hereunder, the Receiver shall

19  file an inventory of all of the property of which he has taken possession pursuant to this Order.

20       7.     <u>Monthly Statements</u>.  The Receiver shall prepare and serve monthly statements

21  reflecting the Receiver's fees and administrative expenses, including fees and costs of

22  accountants and attorneys and other professionals authorized by the Court, incurred for each

23  monthly period in the operation and administration of the receivership estate.  Upon service of

24  each statement, the Receiver may disburse from estate funds, if any, the amount of each

25  statement. Notwithstanding periodic payment of fees and expenses, all fees and expenses shall be

26  submitted to the Court for its approval and confirmation, in the form of either a properly noticed

27  interim request for fees, a stipulation of all parties, or in the Receiver's Final Account and Report.

28

8.   Operation of Receivership Property.  The Receiver shall preserve and manage the Receivership Property and may employ agents, employees, clerks, accountants, and any other persons necessary to administer the receivership estate, to carry out his duties as herein provided, to purchase materials, supplies and services, and pay for them at the ordinary and usual rates out of the funds which shall come into the Receiver's possession and shall do all things and incur the risks and obligations ordinarily incurred by owners, managers and operators of similar businesses and enterprises as such Receiver.  No such risk, obligation or expense so incurred shall be the personal risk or obligation of the Receiver, but shall be the risk, obligation and expense of the receivership estate.

9.   Bank Accounts.  The Receiver is empowered to establish bank accounts for the deposit of monies and funds collected and received in connection with the receivership estate, at federally insured banking institutions or savings associations which are not parties to this case. Monies coming into the possession of the Receiver and not expended for any purposes herein authorized shall be held by the Receiver in interest-bearing accounts.

10.   Further Instructions.  The Receiver and the parties to this case may at any time apply to this Court for further or other instructions or orders and for further powers necessary to enable the Receiver to perform the Receiver's duties properly.

11.   Use of Funds.  All monies coming into the Receiver's possession shall only be expended for the purposes herein authorized, and the balance of funds shall be held by the Receiver pending further order of this Court.

12.   Insurance.   The Receiver shall determine upon taking possession of the Receivership Property whether in the Receiver's judgment there is sufficient insurance coverage. With respect to any insurance coverage, the Receiver shall be named as an additional insured on the policies for the period that the Receiver shall be in possession of the Receivership Property. If sufficient insurance coverage does not exist, the Receiver shall immediately notify the parties to this lawsuit and shall have thirty (30) calendar days to procure sufficient all risk and liability insurance for the Receivership Property; provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to

1   whether insurance shall be obtained and how it is to be paid for.  If consistent with existing law,

2   the Receiver shall not be responsible for claims arising from the lack of procurement or inability

3   to obtain insurance.

4        13.   <u>Discharge</u>.  Discharge of the Receiver shall require a court order after a properly

5   noticed motion approving the Receiver's Final Report and Account.

6        14.   <u>Entry to Property</u>.  The Receiver shall further be entitled to engage a locksmith for

7   the purposes of gaining entry to any property that is the subject of this receivership and through

8   any security system, in order to obtain any property or documents to which the Receiver is

9   entitled pursuant to this Order, as well as giving any notices which may be required in performing

10  the Receiver's duties.  The Receiver may have locks or security codes changed, or have keys

11  created that will work for the existing locks.

12       15.   <u>Tax Identification</u>.  The Receivership Defendants shall provide the Receiver with

13  all tax identification numbers utilized in connection with the operation of the Receivership

14  Property.  The Receiver shall also be entitled to utilize the tax identification numbers during his

15  operation of the receivership estate.

16       16.   <u>Mail</u>.  The Receiver is authorized to have all mail addressed to the Receivership

17  Defendants forwarded to an address to be designated by him.  The Receiver can also take full

18  control of any post office boxes, whether located at a United States Post Office or a private mail

19  facility.

20       17.   <u>Bank Accounts</u>.  All banks and financial institutions which hold any Receivership

21  Property accounts shall turn over complete authority and control of the Receivership Defendants'

22  bank accounts to the Receiver, including all funds in any such accounts upon presentation of a

23  copy of this Order, and shall provide copies of any requested records regarding any such accounts

24  to the Receiver.

25       18.   <u>Delivery of Revenues</u>.  The Receivership Defendants, upon receipt of a copy of

26  this Order, shall deliver to the Receiver immediate possession of all revenues and income

27  generated from the businesses of Receivership Defendants and/or the Collateral in its possession,

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 16965547V1

6

1 │ custody or control.  This delivery to the Receiver shall be completed within forty-eight (48) hours
2 │ of receipt of a copy of this Order.

3 │       19.    <u>Documents in Receiver's Possession</u>.  The parties to this action shall upon
4 │ reasonable notice be entitled to have access to, and make copies of, any documents in the
5 │ Receiver's possession.

6 │       20.    <u>Plaintiff's Notice to Receiver</u>.  Plaintiff shall promptly notify the Receiver in
7 │ writing of the names, addresses, and telephone numbers of all parties who appear in the action
8 │ and their counsel.  The parties to this action shall give notice to the Receiver and of all events that
9 │ affect the receivership, including all court proceedings in this action.

10 │       21.    <u>Bankruptcy – Plaintiff's Duty to Give Notice</u>.  If a defendant files a bankruptcy
11 │ case during the receivership, Plaintiff shall give notice of the bankruptcy case to the Court, to all
12 │ parties, and to the Receiver by the close of the next business day after the day on which Plaintiff
13 │ receives notice of the bankruptcy filing.

14 │       22.    <u>Bankruptcy – Receiver's Duties</u>.  If the Receiver receives notice that a bankruptcy
15 │ has been filed and part of the bankruptcy estate includes property that is the subject of this order,
16 │ the Receiver shall have the following duties:

17 │       a.    The Receiver shall immediately contact the party who obtained the
18 │ appointment of the Receiver and determine whether that party intends to move in the bankruptcy
19 │ court for an order for (1) relief from the automatic stay, and (2) relief from the Receiver's
20 │ obligation to turn over the property (11 U.S.C. § 543).  If the party has no intention to make such
21 │ a motion, the Receiver shall immediately turn over the property to the appropriate entity either to
22 │ the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession – and
23 │ otherwise comply with 11 United States Code section 543.

24 │       b.    If the party who obtained the receivership intends to seek relief
25 │ immediately from both the automatic stay and the Receiver's obligation to turn over the property,
26 │ the Receiver may remain in possession and preserve the property pending the ruling on those
27 │ motions (11 U.S.C. § 543(a)).  The Receiver's authority to preserve the property shall be limited
28 │ as follows:

(1)    The Receiver may continue to collect rents and other income;

(2)    The Receiver may make only those disbursements necessary to preserve and protect the property;

(3)    The Receiver shall not execute any new leases or other long-term contracts; and

(4)    The Receiver shall do nothing that would effect a material change in the circumstances of the property.

c.    If the party who obtained the receivership fails to file a motion within 10 court days after his or her receipt of notice of the bankruptcy filing, the Receiver shall immediately turn over the property to the appropriate entity either to the trustee in bankruptcy if one has been appointed or, if not, to the debtor in possession and otherwise comply with 11 United States Code section 543.

d.    The Receiver may petition the Court to retain legal counsel to assist the Receiver with issues arising out of the bankruptcy proceedings that affect the receivership.

23.    <u>Receiver Certificates</u>.   The Receiver may issue Receivership Certificates in increments of at least $10,000 bearing interest at eight percent (8%) per annum for up to $1,000,000 to any person or parties.   All funds loaned to the Receiver pursuant to such Receivership Certificate(s) shall be deemed to be a lien of first priority which shall be repaid prior to all other encumbrances and claims, other than costs of administration.

24.    <u>Turn Over and Cooperation</u>.   The Receivership Defendants, and their respective officers, agents, managers, employees, assignees, successors, attorneys, representatives, and all persons acting under, in concert with, or for them:

a.    Shall relinquish and turn over possession of the Receivership Property, including but not limited to all of its assets (including any cash) to the Receiver forthwith upon his appointment becoming effective;

b.    Shall turn over to the Receiver and direct all other third parties in possession thereof to turn over all keys, passwords, access codes, administrator codes and passwords, leases, books, records, books of account, ledgers, operating statements, budgets, and

1  all other Receivership Property records relating to the Receivership Property, wherever located,

2  and in whatever mode maintained, including information contained on computers and any and all

3  software relating thereto as well as all banking records, statements and cancelled checks;

4         c.  Shall turn over to the Receiver all documents which pertain to all licenses,

5  permits, or government approvals relating to the Receivership Property and shall immediately

6  advise the Receiver of any social security or taxpayer identification numbers used in connection

7  with the operation of the Receivership Property;

8         d.  Shall immediately advise the Receiver as to the nature and extent of

9  insurance coverage on the Receivership Property.  The parties shall immediately name the

10  Receiver as an additional insured on the insurance policy(ies) for the period that the Receiver

11  shall be in possession of the Receivership Property.  The parties and their agents and

12  representatives are prohibited from canceling, reducing or modifying any and all insurance

13  coverage currently in existence with respect to the Receivership Property;

14         e.  Shall cooperate with and reasonably assist the Receiver with respect to his

15  operation of the Receivership Property, including but not limited to promptly responding to any

16  inquiry by the Receiver for information.

17          **TEMPORARY RESTRAINING ORDER**

18      **IT IS FURTHER ORDERED** that:

19      1.  Pending further Order of this Court, the Receivership Defendants, and their

20  respective officers, directors, agents, property managers and employees, and all other persons

21  acting under, in concert with, or for them who have actual or constructive knowledge of this

22  Order, and their agents and employees shall not in any manner, directly or indirectly:

23         a.  Commit or permit any waste of the Receivership Property or any part

24  thereof, or suffer or commit or permit any act on the Receivership Property or any part thereof in

25  violation of law, or remove, transfer, encumber or otherwise dispose of any of the property or of

26  the Receivership Property or any part thereof;

27         b.  Directly or indirectly interfere in any manner with the discharge of the

28  Receiver's duties under this Order or the Receiver's possession of and operation or management

1     of the Receivership Property;

2            c.     Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage,

3     create a security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of

4     the whole or any part of the Receivership Property without prior specific Court Order;

5            d.     Withhold any Receivership Property assets, books, records, or funds from

6     the Receiver; and

7            e.     Do any act which will, or which will tend to impair, defeat, divert, prevent

8     or prejudice the preservation of the Receivership Property.

9 **ORDER TO SHOW CAUSE**

10     **IT IS HEREBY ORDERED** that the Receivership Defendants appear on

11     _____10-17-14_____, 2014, at 8:30 a.m., in Department N of the above-entitled Court,

12     located at 1745 Main Street, Santa Monica, CA 90404, to show cause, if it has any:

13        1.     Why the Receivership Defendants and their respective officers, managers, agents,

14     employees, and all persons acting under, in concert with or on behalf of the Receivership

15     Defendants, should not be enjoined and restrained from, in any manner, directly or indirectly,

16     receiving, collecting, diverting or otherwise taking any Receivership Property, or any income,

17     revenue or profit derived therefrom, expending, disbursing, transferring, assigning, selling,

18     conveying, devising, pledging, mortgaging, creating a security interest in, encumbering,

19     concealing, or in any manner whatsoever dealing in, disposing of or impairing the value of the

20     whole or any part of the Receivership Property, or any proceeds or other income derived

21     therefrom; and

22        2.     Why the Receiver should not be confirmed to take possession, custody and control

23     of the Receivership Property, and to maintain, conserve and liquidate such Receivership Property

24     with the powers and duties enumerated above and in accordance with the terms of this Order and

25     until further Order of this Court.

26     //

27     //

28     //

## SERVICE AND BRIEFING SCHEDULE

Plaintiff's *ex parte* Application, Memorandum of Points and Authorities, this Order and all declarations and supporting papers are to be served on the Receivership Defendants or its attorney(s) if disclosed to the Plaintiff, no later than _9-8_, 2014, with proof of service to be filed no later than _9-12_, 2014.

Any opposition to this Order to Show Cause is to be served on Plaintiff's attorneys of record and filed no later than _9-30_, 2014.

Any reply is to be served on the Receivership Defendants, or its attorney(s) of record if disclosed to the Plaintiff, and filed no later than _10-7_, 2014.

**IT IS SO ORDERED.**

Dated: _9-3-14_

CRAIG D. KARLAN
LOS ANGELES SUPERIOR COURT JUDGE

Prepared by:

Steven M. Spector
Oren Bitan
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: sspector@buchalter.com

Counsel to
Plaintiff Hillair Investments L.P.

**PROOF OF SERVICE**

**CASE NO. SC123052**

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 1000 Wilshire Blvd., Suite 1500, Los Angeles, California 90017.

On October 17, 2014, I served the foregoing document(s) described as:

**NOTICE OF RULING AND NOTICE OF ENTRY OF ORDER**

on the interested parties in this action, at the addresses listed below, as follows:

Attorneys for Defendant
Boldface Group, Inc. and Boldface Licensing and Branding
Beth Young
Levene, Neale, Bender, Yoo & Brill
10250 Constellation Blvd., Suite 1700
Los Angeles, CA 90067

Attorneys for David Stapleton, Receiver
William Freeman
Katten Muchin Rosenman LLP
515 S Flower Street, Suite 1000
Los Angeles, CA 90071

(X)    For Collection.  By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on that date following ordinary business practices.  I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.

(X)    State.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 17, 2014, at Los Angeles, California.

**SANDRA ALARCON**

---

*PROOF OF SERVICE*

BN 17149746v1

**EXHIBIT F**

THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

Español | Tiếng Việt | 한국어 | 中文 | հայերեն

Search

ONLINE SERVICES

# Case Summary

### CASE SUMMARY

PRINT

Case Number: SC123052
HILLAIR CAPITAL INVESTMENTS L.P. VS BOLDFACE GROUP, INC.

Filing Date: 08/29/2014
Case Type: Othr Breach Contr/Warr-not Fraud (General Jurisdiction)
Status: Pending

### Future Hearings

**12/15/2014** at 08:30 am in department N at 1725 Main Street, Santa Monica, CA 90401
Conference-Case Management

**12/16/2014** at 08:30 am in department N at 1725 Main Street, Santa Monica, CA 90401
Motion(TO APPROVE THE 1ST AND FINAL ACCOUNTING OF RECEIVER)

Documents Filed | Proceeding Information

### Parties

BITAN OREN - Attorney for Plaintiff

BOLDFACE GROUP INC. - Defendant

BOLDFACE LICENSING + BRANDING - Defendant

HILLAIR CAPITAL INVESTMENTS L.P. - Plaintiff

LEVENE NEALE BENDER RANKIN&BRILL - Attorney for Defendant

STAPLETON DAVID P. - Receiver

Case Information | Party Information | Proceeding Information

### Documents Filed (Filing dates listed in descending order)
**10/28/2014** Miscellaneous-Other (RECEIVER'S INITIAL INVENTORY & REPORT )
Filed by Receiver

**10/21/2014** Notice of Ruling
Filed by Attorney for Plaintiff

**10/17/2014** Order (CONFIRMING APPOINTMENT OF RECEIVER OVER ASSETS OF RECEIVERSHIP DEFENDANTS AND ISSUING PRELIMINARY INJUNCTION )
Filed by Attorney for Plaintiff

**10/07/2014** Order (GRANTING EX-PARTE APPLICATION OF RECEIVER )
Filed by Attorney for Receiver

**10/07/2014** Declaration (OF DAVID P. STAPLETON IN SUPPORT OF RECEIVER'S EX-PARTE APPLICATION )
Filed by Attorney for Receiver

**10/07/2014** Ex-Parte Application (FOR ORDER APPROVING 1) BIDDING AND AUCTION PROCEDURES AND 2) SALE OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES )
Filed by Attorney for Receiver

**10/07/2014** Declaration (OF JESSICA M. MICKELSEN IN SUPPORT OF RECEIVER'S EX-PARTE APPLICATION )
Filed by Attorney for Receiver

LASC - Case Summary

**10/06/2014** Reply (TO DEFTS' RESPONSE TO OSC RE APPOINTMENT OF RECEIVER )
Filed by Attorney for Plaintiff

**09/29/2014** Answer (TO VERIFIED COMPLAINT . DEMAND FOR JURY TRIAL )
Filed by Attorney for Defendant

**09/29/2014** Response (TO ORDER TO SHOW CAUSE RE APPOINTMENT OF RECEIVER )
Filed by Attorney for Defendant

**09/11/2014** Amended Notice (AMENDED NOTICE OF FILING OF OATH AND BOND OF RECEIVER )
Filed by Receiver

**09/10/2014** Proof of Service (PROOF OF SERVICE HAND DELIVERY )
Filed by Attorney for Plaintiff

**09/10/2014** Proof of Service (PROOF OF MAILING HAND DELIVERY )
Filed by Attorney for Plaintiff

**09/05/2014** Bond (RECEIVER'S BOND )
Filed by Court

**09/05/2014** Proof of Service
Filed by Attorney for Plaintiff

**09/05/2014** Proof of Service of Summons & Com
Filed by Attorney for Plaintiff

**09/04/2014** Notice (OF ENTRY OF ORDER GRANTING EX PARTE APPLICATION APPL. APPOINTING RECEIVER OVER ASSETS OF RECEIVERSHIP DEFTS; TEMPORARY RESTRAINING ORDER; O.S.C. WHY RECEIVER SHOULD NOT BE CONFIRMED &)
Filed by Attorney for Plaintiff

**09/04/2014** Undertaking filed (UNDER SECTION 566(b) c.c.p. )
Filed by Attorney for Plaintiff

**09/03/2014** Miscellaneous-Other (RECEIVER'S BOND, FILED BY DAVID P. STAPELTON )
Filed by Receiver

**09/03/2014** Oath of Receiver ( FILED BY DAVID P. STAPELTON )
Filed by Receiver

**09/03/2014** Notice (OF FILING BOND & OATH OF RECEIVER FILED BY DAVID P. STAPELTON )
Filed by Receiver

**09/03/2014** Request for Judicial Notice (IN SUPPORT OF PLAINTIFF'S EX-PARTE APPLICATION )
Filed by Attorney for Plaintiff

**09/03/2014** Declaration (OF OREN BITAN IN SUPPORT OF PLAINTIFF'S EX-PARTE APPLICATION )
Filed by Attorney for Plaintiff

**09/03/2014** Declaration (OF DAVID P. STAPLETON IN SUPPORT OF PLAINTIFF'S EX-PARTE APPLICATIO TO APPOINT RECEIVER, ISSUE TRO AND SET OSC )
Filed by Attorney for Plaintiff

**09/03/2014** Order (GRANTING EX-PARTE APPLICATION )
Filed by Attorney for Plaintiff

**09/03/2014** Ex-Parte Application (TO APPOINT RECEIVER, ISSUE TRO AND SET OSC RE: WHY RECEIVER SHOULD NOT BE CONFIRMED AND PRELIMINARY INJUNCTION ISSUED )
Filed by Attorney for Plaintiff

**09/03/2014** Declaration (OF SEAN M. MCAVOY IN SUPPORT OF PLAINTIFF'S EX-PARTE APPLICATION )
Filed by Attorney for Plaintiff

**08/29/2014** Summons Filed
Filed by Attorney for Plaintiff

**08/29/2014** Complaint Filed

Case Information | Party Information | Documents Filed

**Proceedings Held** (Proceeding dates listed in descending order)

**10/17/2014** at 08:30 am in Department WEN, Craig D. Karlan, Presiding
OSC-RE Other (Miscellaneous) (WHY RECEIVER SHOULD NOT BE CONFIRMED AND WHY PRELIMINARY INJUNCTION SHOULD NOT BE GRANTED) - **Discharged**

**10/07/2014** at 08:30 am in Department WEN, Craig D. Karlan, Presiding
Exparte proceeding - **Motion Granted**

**09/03/2014** at 08:30 am in Department WEN, Craig D. Karlan, Presiding
Exparte proceeding - **Motion Granted**

Case Information | Party Information | Documents Filed | Proceeding Information

☐ Go to Case Summary

Art Showcased in Los Angeles Courthouse Jury Rooms



"Little Chicks" by Kevin Sy
2006 1st Place Youth



Privacy Statement | Disclaimer | Employment | ADA | Holidays | Comment on our Website          Copyright 2014 Superior Court of California, County of Los Angeles